**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PROLOGIS NA3 NV II, LLC, | ) | 3:11-cv-00346-HDM-WGC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| IGT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  Before the court is the plaintiff Prologis NA3 NV II, LLC's ("Prologis") motion for attorneys' fees and non-taxable litigation expenses (Doc. #98). The defendant IGT, Inc. ("IGT") has opposed (Doc. #99) and the plaintiff has replied (Doc. #103). On the same day Prologis submitted its motion, it also filed a Bill of Costs (Doc. #97). IGT did not object to the bill of costs, and the Clerk of Court then taxed costs against IGT (Doc. #102).

  This matter commenced on May 13, 2011 when Prologis filed a complaint against IGT, claiming that IGT owed Prologis damages for breach of a lease agreement made between the parties. (*See generally* Complaint, Doc. #1). The matter proceeded to a bench trial on November 18-20, 2013. (*See* Doc. ##85, 88, 89.) The court

then issued a judgment in favor of the plaintiff on January 29, 2014, awarding Prologis damages for breach of contract in the amount of $2,531,299.00. (Doc #96 at 1.)

In its "Findings of Fact and Conclusions of Law" (Doc. #95 at 26 ("Decision")), the court found that "Prologis is entitled to an award of costs and attorneys' fees as the prevailing party in accordance with the provisions of Section 22 in the lease." *Id.* The court ordered that

> Prologis shall submit to the court its bill of costs and affidavits in support of reasonable attorneys' fees on or before March 1, 2014. The Clerk of Court will then tax costs. Any objection to the taxation of costs shall be filed within 20 days of the taxation of costs by the Clerk. Any objections to Prologis' request for attorneys' fees shall be filed within 20 days after the filing of Prologis' request for fees.

*Id.*

Prologis then filed the instant motion on February 28, 2014. On the same day, it filed a bill of costs. IGT filed no objection to Prologis' bill of costs, and the Clerk of Court taxed costs in the amount of $6,123.27 against IGT on April 7, 2014. IGT then responded to Prologis' motion on March 20, 2014, and Prologis replied on April 7, 2014. Prologis has requested $373,266.00 in attorneys' fees and $29,534.41 in non-taxable, out-of-pocket litigation costs, for a total of $402,800.41.[1]

**STANDARD**

---

[1] Prologis initially requested a total award of $390,766.93, comprised of $361.333.80 in attorneys' fees and $29,433.13 in non-taxable litigation costs. However, Prologis stated in its motion that it would "update [its request] with fees and costs which are incurred through the date of Prologis' reply on this motion." (P. Mot. 18 n.13.) In its reply, Prologis then increased its attorneys' fee award request by $11,932.20 and litigation expenses by $101.28 to account for additional fees and expenses accumulated after filing the motion. (P. Reply 5 n.4, 6, 6 n.5.)

Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorneys' fees in federal court. It does not, however, provide the substantive basis for such an award. *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). Because jurisdiction in this case is based on diversity, the court must apply state law in determining whether an award of attorneys' fees is allowed. *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 847 (9th Cir. 2009). In Nevada, a court may award attorneys' fees to a prevailing party if authorized by statute, rule, or contract. *Frank Settlmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1220 (Nev. 2008). In the instant action, the court has already found that Prologis is entitled to an award of costs and attorneys' fees as the prevailing party in accordance with various provisions of Section 22 of the lease between the parties. (Doc. #95 at ¶ 32.)

Once it has been established that a party is entitled to an award of attorneys' fees, the court must determine what fee is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine a reasonable fee award, the court must begin by calculating the "lodestar." *Caudle v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (quoting *Morales v. City Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Reasonable hourly rates "are to be calculated according to prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). After computing the lodestar, the court must "assess[] whether it is necessary to adjust the

3

presumptively reasonable lodestar figure on the basis of the *Kerr* factors."[2] *Morales*, 96 F.3d at 363.

In addition to attorneys' fees, the prevailing party is also entitled to recover court costs. Fed. R. Civ. P. 54(d)(1); LR 54-1; N.R.S. § 18.020; N.R.S. § 18.005. Pursuant to the court's order, Prologis has already filed a Bill of Costs (Doc. #97), and IGT has already had costs taxed against it in the amount of $6,123.127. (Doc. #102.) Recovery of costs beyond those covered by Federal Rule of Civil Procedure 54(d)(1) is possible under Federal Rule of Civil Procedure 54(d)(2), which allows for a party to move for attorneys' fees and "related non-taxable expenses." *See* Fed. R. Civ. P. 54(d)(2). Where a statute authorizes an award of reasonable attorney's fees to a prevailing party, as is the case in Nevada (*see* N.R.S. § 18.020), the court has the discretion to award reasonable out-of-pocket litigation expenses as part of the attorney's fee award "when it is the prevailing practice in a given community for lawyers to bill those costs separate from their hourly rates." *Grove v. Wells Fargo Fin. Calif., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010).

**ANALYSIS**

---

[2] The *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Morales*, 96 F.3d at 363 n8 (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

In its opposition, IGT has raised only two objections to Prologis' fee request.  First, IGT argues that Prologis should not be able to recover attorneys' fees for time its counsel spent working on a state court summary eviction action.  (Def. Opp'n 4-5.)  Second, IGT argues that Prologis has requested attorneys' fees for an "excessive" amount of work performed after the trial, and that the court should (1) reduce Prologis' fee award accordingly, and (2) should not award Prologis additional fees for any work performed after filing its motion.  (Def. Opp'n 5-6.)

IGT has notably not objected in any way to the reasonableness of the rest of the hours expended by Prologis' counsel, or to Prologis' counsel's hourly rates.  (*See generally* Def. Opp'n.) Prologis has argued that there should be neither upward nor downward adjustments made to its lodestar calculation based upon the *Kerr* factors (P. Mot. 13-17); IGT has also not argued for any *Kerr* adjustments (*see generally* Def. Opp'n).  Finally, IGT has not objected to Prologis' request for recovery of non-taxable costs in the amount $29,534.41.[3]  *Id.*

The court will address IGT's two objections separately below. However, to the extent that IGT has not objected to Prologis' motion, the court hereby grants that motion.  The court finds that the time spent by Prologis' attorneys (other than the time spent on the summary eviction motion and after the case was fully submitted, which will be addressed below) is reasonable given the complexity of the issues involved and the duration of the litigation.  The court concludes that Prologis' attorneys' billing rates are

---

[3] These non-taxable litigation costs are separate from the taxable costs assessed by the Clerk of Court on April 7, 2014 in the amount of $6,123.27, to which costs IGT has also not objected.

5

reasonable given the prevailing market rates in the community. (*See* P. Mot. 11 and referenced attached Declarations and Exhibits.) The court finds that the circumstances of the case do not warrant adjustment to the lodestar based on the *Kerr* factors, and that the lodestar (aside from IGT's two specific objections, which, again, will be addressed below) is reasonable, especially given Prologis' 10 percent self-imposed, across-the-board reduction of its fee request and IGT's non-opposition to this portion of Prologis' motion. (*See* P. Mot. 12-13; *see generally* Def. Opp'n.)  The court further finds that Prologis is entitled to recover non-taxable litigation costs, as it is "the prevailing practice in [this] community for lawyers to bill those costs separate from their hourly rates." *Grove*, 606 F.3d 577 at 579-82; P. Mot. 17-18.

I.  **State Court Summary Eviction Action**

Prologis has included in its lodestar calculations time spent working on a state court summary eviction action it filed on July 14, 2010 against IGT. (P. Mot. 3-4, 8-9, Ex K.) IGT points out that Prologis seeks compensation for $16,927.20[4] in fees incurred exclusively for work on the state summary eviction action, and argues that Prologis should not be entitled to recover these fees because the summary eviction action was a separate, unrelated action in which Prologis was not even a "prevailing party." (Def. Opp'n 3-5.)

---

[4] IGT has noted that Prologis' lodestar calculations include $18,808.00 in fees incurred exclusively for work on the state court summary eviction action; however, as IGT points out, because Prologic reduced its fee request across the board by 10 percent, this amounts to an actual request of only $16,927.20 in fees related to the summary eviction. (Def. Opp'n 4-5, 5 n.2.)

6

After IGT breached the parties' lease agreement by prematurely vacating the leased premises and attempting to terminate the lease without having given appropriate written notice (Decision 12, 24-25), Prologis initiated a summary eviction action against IGT in state court under the provisions of Chapter 30 of the Nevada Revised Statutes. (Decision 12.) Prologis ultimately dismissed the action unilaterally without prejudice after IGT heavily contested it and "it became abundantly clear that Defendant was not going to make any claims to possession of the premises." (P. Mot. 3-4.)

Prologis argues that it filed the summary eviction action "to eliminate any concerns/arguments that it would be acting wrongfully in re-taking possession of Defendant's premises." (P. Mot. 3.) In its reply, Prologis further maintains that

> an award of fees for time expended in the summary eviction action would be directly analogous to awarding fees in a related, pre-litigation administrative proceeding as the summary eviction action was a necessary and integral step in the litigation process to first ensure that the Defendant had indeed moved out for good and was no longer claiming a possessory interest in the premises.

(P. Reply 3.)

Given Prologis' stance throughout the instant action that IGT breached the lease agreement by vacating the premises early and ceasing to pay rent, all the while improperly claiming to have exercised its early termination option, the court is not persuaded by Prologis' claim that its state court summary eviction action was "a necessary and integral step in the litigation process" or was needed to "ensure that the defendant had indeed moved out for good." *Id.* Multiple written communications between the parties introduced at trial demonstrated that Prologis was well apprised of

7

IGT's intent to vacate and relinquish all possession of the premises.[5]  Therefore, the court finds that the summary eviction action was an unrelated proceeding not covered by any of the various fee recovery provisions of the lease agreement between the parties, and that Prologis is therefore not entitled to recover attorneys' fees stemming from it.  Accordingly, the court reduces Prologis' lodestar by $16,927.20.

However, the court finds that no further reduction is necessary to account for removing Prologis' counsel's time working on the summary eviction action from the fee award.  Despite IGT's claims to the contrary (*see* Def. Opp'n 4), the court finds that Prologis' record keeping is neither inappropriately bundled nor inappropriately redacted such that it is "impossible to tell whether [some of Prologis' counsel's] bills are for work done in this action [or the summary eviction action]."  (Def. Opp'n 4.) The court finds that Prologis has satisfactorily identified the subject matter of its time expenditures, and that Prologis is entitled to redact its time log as needed to protect attorney-client privilege.  *See* P. Mot. Ex. K; P. Reply 3-4; *Hensley*, 461 U.S. at 433; *MGIC Indem. Corp. V. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986).  Moreover, even if some of the redacted or allegedly combined billing entries *are* in fact for work related to the summary eviction action, the court is satisfied that Prologis' self-imposed 10 percent reduction of its lodestar more than offsets

---

[5] For example, Joint Exhibit No. 47, which was received into evidence during the first day of the trial, constituted an email from Edwin Strickland, of IGT, to Travis Durfee, of Prologis, informing Prologis that "we, IGT, have vacated the building . . . All American Lock finished changing the locks from IGT master to ProLogis master and we have no more access to the building." (See Doc. ##90 at 5, 85 at 2.)

8

any accidental inclusion of such fees in its eventual fee award. (*See* P. Mot. 12-13.)

## II.  "Excessive" Work Performed After Trial

IGT notes in its opposition that Prologis has requested compensation for 61 hours of work performed after the case was fully submitted, approximately 50.10 hours of which was for work on Prologis' motion for fees. (Def. Opp'n 5.) This amounts to a sum of $19,427.00, less Prologis' across-the-board 10 percent decrease. (Def. Opp'n 5-6.) IGT concedes that Prologis may legally recover fees for work done on its own motion for fees, but nonetheless argues that 50.10 hours of time spent on such a motion, as well as 61 hours spent total post-judgment, is unreasonable and should not be fully compensated. *Id.* IGT further argues that, because Prologis, in its motion, requested fees for an "excessive" amount of work performed by its counsel after trial, Prologis should also be denied any fees later claimed for work performed after submitting its motion. (Def. Opp'n 6.)

In its reply, Prologis did increase its attorneys' fee award request by $11,932.20 and litigation expenses by $101.28 to account for additional fees and expenses accumulated after filing the motion.[6] (P. Reply 5 n.4, 6, 6 n.5.) Prologis also attached a detailed "Supplemental Lodestar Summary" and a list of "Supplemental Costs" to its reply, showing how these new fees and costs arose. (P. Reply Ex. 1-2; P. Reply 5 n.4.)

The court cannot agree that the amount of time spent by Prologis' counsel post-trial, particularly on the fee motion, is

---

[6] *See supra* note 1.

9

1  excessive.  As Prologis explains in its reply, to prepare the fee
2  motion, Prologis' counsel

> had to research the issues, draft the 18-page motion, prepare and secure signed, supporting declarations from outside counsel, compile, review and redact forty-five pages of single-spaced billing entries and otherwise properly document its requests for fees and litigation expenses.

(P. Reply 5.)  At the time Prologis filed its fee motion, as IGT points out, Prologis' requested compensation for work on the fee motion made up a mere 4 percent of Prologis' total requested compensation.  (Def. Opp'n 6.)  Additionally, the 43.60 hours spent by Prologis' counsel after February 26, 2014, which are catalogued in the "Supplemental Lodestar Summary" attached to Prologis' reply, are also not excessive, especially given Prologis' self-imposed 10 percent reduction in requested fees.  (P. Reply Ex. 1; P. Mot. 12-13.)  The court finds that Prologis' counsel's time working on the fee motion, and after submitting its case more generally, constitutes "hours reasonably expended on the litigation," given the complexity and high stakes of issues involved.  *Caudle*, 224 F.3d at 1028.

**CONCLUSION**

Accordingly, the plaintiff's motion for attorneys' fees and non-taxable litigation expenses (Doc. #98) is **GRANTED**.  Plaintiff

/
/
/
/
/
/

10

is awarded attorneys' fees in the amount of $356,338.80 and non-taxable litigation expenses in the amount of $29,534.41, together with the costs previously taxed by the Clerk of Court (Doc. #102) in the amount of $6,123.27, for a total award of $391,996.48.

**IT IS SO ORDERED.**

DATED: This 6th day of June, 2014.

_Howard D McKibben_
UNITED STATES DISTRICT JUDGE

11